IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT A. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CHALON KELLER, HEIDI GIBSON, NED KING, RANDY TITUS, DAVID BOLTON, UNITED STATES OF AMERICA, and JOHN and JANE DOES I-XX,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 1:19-CV-79 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the Motion will be granted.

## I. BACKGROUND

  Plaintiff Scott A. Williams was employed by Northrop Grumman as a Technical Lead and Logistics Advisor in the Hill Air Force Base Foreign Military Sales F-16 International Branch. In February 2016, Plaintiff was indicted in this Court on two counts of unlawful exportation of goods from the United States; false statement in a document; and conversion of property of the United States. The charges stemmed from actions allegedly taken by Mr. Williams during his employment. The charges were eventually dismissed on a motion by the United States. Plaintiff now brings this action against the United States and those individuals—civilian Air Force employees—allegedly involved in providing the evidence that led to the now-

dismissed federal charges.  Plaintiff asserts a claim for malicious prosecution alleging that Defendants knowingly and recklessly supplied false and misleading information and/or omitted material facts.  Defendants seek dismissal.

## II.  MOTION TO DISMISS STANDARD

When considering whether to dismiss a *Bivens* claim, courts apply the standard for a failure to state a claim upon which relief may be granted.[1]  Under this standard, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a

---

[1] *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1096 (10th Cir. 2005).

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

### III.  DISCUSSION

A.   THE UNITED STATES

The United States argues,[8] and Plaintiff agrees,[9] that a *Bivens* action cannot be maintained against the United States.[10]  Therefore, the United States will be dismissed as a Defendant.

B.   INDIVIDUAL DEFENDANTS

Plaintiff also asserts a *Bivens* claim against the individual Defendants.  Defendants argue that Plaintiff has failed to state claim for relief under *Bivens*.  The parties do not distinguish the alleged actions of the individual Defendants but instead address them collectively as a whole. The Court will do the same.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,[11] the Supreme Court held that an individual may recover damages against federal officials for violating Fourth Amendment rights.[12]  In that case, the plaintiff alleged that federal agents had unlawfully entered and searched his apartment; arrested him for narcotics violations; handcuffed

---

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[8] Docket No. 50, at 16.

[9] Docket No. 53, at 9.

[10] *FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

[11] 403 U.S. 388 (1971).

[12] *Id.* at 397.

him in front of his family; threatened to arrest his family; then took him to jail where he was interrogated, booked, and strip-searched.[13]  The Court noted that "the Fourth Amendment does not in so many words provide for its enforcement by an award of money damages for the consequences of its violation."[14]  However, where the "case involve[d] no special factors counseling hesitation in the absence of affirmative action by Congress," monetary damages could be an available remedy.[15]

Since *Bivens* was issued, the Supreme Court has extended it on just two other occasions.[16]  Together, "[t]hese three cases . . . represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[17]  The Supreme Court has recently "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."[18]  The Court's hesitancy to expand *Bivens* is based on "separation-of-powers principles" regarding whether the courts or Congress should decide whether to recognize a new damages remedy.[19]  "The answer most often will be Congress."[20]

---

[13] *Id.* at 389.

[14] *Id.* at 396.

[15] *Id.*

[16] *Davis v. Passman*, 442 U.S. 228, 245–48 (1979) (allowing damages for gender discrimination in violation of the Due Process Clause of the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 18–23 (1980) (allowing damages for failure to provide adequate medical care in violation of the Eighth Amendment).

[17] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

[18] *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).

[19] *Id.*

[20] *Id.*

The Supreme Court has adopted a two-part framework for evaluating potential *Bivens* claims. The first question is "whether a case presents a new *Bivens* context."[21] "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new."[22] Defendants argue,[23] and Plaintiff concedes,[24] that his claim presents a new *Bivens* context. Thus, the Court moves to the next step.

Second, the Court considers whether special factors counsel against expanding *Bivens* into a new context.[25] The Supreme Court has not defined with certainty what constitutes a special factor.[26] However, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, to be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative."[27]

Defendants identify two special factors: the presence of alternative remedial processes and intrusion into executive branch functions. The Supreme Court has noted that "when alternative methods of relief are available, a *Bivens* remedy usually is not."[28] Defendants point to the existence of extensive procedural rights articulated in rules and statutes that protect an accused person. Defendants also reference the Hyde Amendment and the Unjust Conviction and

---

[21] *Id.* at 1859.

[22] *Id.*

[23] Docket No. 50, at 10–12.

[24] Docket No. 53, at 12–13.

[25] *Ziglar*, 137 S. Ct. at 1857.

[26] *Id.*

[27] *Id.* at 1857–58.

[28] *Id.* at 1863.

Imprisonment Statute, which provide money damages to individuals subject to federal criminal prosecution in certain circumstances. Defendant argues that these provisions reflect Congressional decision as to whom should be compensated in cases involving wrongful prosecution.

Plaintiff counters that he is unable to receive relief under these provisions because the government voluntarily dismissed its case against him. But his "ineligibility for these remedies actually cuts against recognizing a new cause of action."[29] "The fact that Congress has expressly provided a damages remedy for some victims of this particular type of injury, but not for others, suggests that it considered the issue and made a deliberate choice."[30] The Supreme Court has stated that "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation"[31] and "the silence of Congress is relevant."[32]

Next, Defendants argue that extending *Bivens* here "will require extensive investigation and discovery that impairs the agency's function."[33] One of the factors that caused the Court to hesitate to extend *Bivens* in *Ziglar* was that doing so "would require courts to interfere in an intrusive way with sensitive functions of the Executive Branch."[34] The same concern is present here. In order for Plaintiff to prevail, he "would need to show that [Defendants'] allegedly false

---

[29] *Farah v. Weyker*, 926 F.3d 492, 501–02 (8th Cir. 2019).
[30] *Id.* at 502.
[31] *Ziglar*, 137 S. Ct. at 1865.
[32] *Id.* at 1862.
[33] Docket No. 50, at 14.
[34] *Ziglar*, 137 S. Ct. at 1861.

information was what established probable cause for [his] arrest[] and detention"[35]  "This type of showing would invite a wide-ranging inquiry into the evidence available to investigators, prosecutors, and the grand jury."[36]  Relatedly, the "secrecy of grand jury proceedings" counsels against extending *Bivens*.[37]

A related concern is the potential effect on the willingness of government employees to participate in internal investigations should those employees be exposed to potential monetary damages.  The Supreme Court has stated that "if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III."[38]  Here, "[i]t is sufficient for the Court to recognize that 'Congress might doubt the efficacy or necessity of a damages remedy' because there is a risk that it would interfere with prosecutorial discretion, disincentivize law enforcement from sharing information with prosecutors, and disincentivize private citizens from sharing information with law enforcement."[39]

Plaintiff correctly argues that this case does not involve other special factors identified by the Supreme Court, such as national security or foreign policy concerns.  However, the various

---

[35] *Farah*, 926 F.3d at 500.

[36] *Id.*

[37] *Karkalas v. Marks*, No. 19-948, 2019 WL 3492232, at *12 (E.D. Pa. July 31, 2019).

[38] *Ziglar*, 137 S. Ct. at 1858.

[39] *Boudette v. Sanders*, No. 18-cv-02420-CMA-MEH, 2019 WL 3935168, at *7 (D. Colo. Aug. 19, 2019) (quoting *Ziglar*, 137 S. Ct. at 1865).

factors identified by the Supreme Court are not exhaustive. Plaintiff similarly argues that the factors identified by Defendants do not counsel hesitation. Yet this case presents some of the same concerns found in *Ziglar*. In the end, it is better for Congress to determine whether monetary damages are an appropriate remedy for the harm alleged by Plaintiff. Therefore, the Court declines to extend *Bivens* here.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 50) is GRANTED.

DATED this 17th day of February, 2021.

BY THE COURT:

Ted Stewart
United States District Judge